Sewell *vs.* Gardner.

---

(Decided 8th March, 1878.)


STEWART, J., dissented.

---

THOMAS SEWELL, JR. *vs.* THOMAS H. GARDNER.

*Commission to examine a Witness living out of the State— Right to object to the regularity of the Commission and to the testimony taken thereunder, Waived by delay and acqui- escence—A party not allowed to Impeach his own witness, but allowed under some circumstances to Contradict him.*

At the January Term, 1876, of the Court of Common Pleas, an order was filed in a case pending therein, directing a commission to issue to a person named, to examine a witness residing out of the State. With the order interrogatories were filed, notice of which was served on the 10th of Janu- ary, 1876, on the defendant's attorney, who failed to name any person to act as commissioner. On the 31st of January, 1876, the commission was issued as directed, and with the evidence taken thereunder was returned to said Court and filed therein on the 8th of February, 1876. On the 10th of March following, at the suggestion of the defendant, the case was removed to Anne Arundel County, and on the suggestion of the plaintiff it was subsequently removed and sent to Howard County, where the defendant pleaded, and the case was tried in September Term, 1877. At the trial and

before the jury was sworn, the defendant objected to said commission because it had issued to only one commissioner instead of to two, and for other defects in its issue and return; and after the jury had been sworn the same objection was made to the admissibility of the evidence taken under the commission. HELD:

1st. That the defendant having had ample opportunity to name a commissioner if he desired, or to make objection to the issuing of the commission to one only, and not having done either, but allowed the testimony taken there-under to remain on file without objection during the long interval when the subsequent events had occurred, it was too late at the time of the trial to avail himself of the objection to the testimony on account of there having been but one commissioner.

2nd. That on the the contrary, he must be held to have waived such objection, and to be estopped from availing himself thereof, otherwise it would operate as a surprise on the plaintiff, who had the right, under the circumstances, to consider the issuing of the commission to one person, acquiesced in by the defendant.

The defendant after having introduced the testimony of Jonathan Brock, his own witness, taken under a commission issued by consent, offered Brock's *previous* letter to the defendant, for the purpose of impeaching his credit. HELD:

1st. That when Brock was testifying under the commission, as the defendant's witness, the opportunity was afforded the defendant of confronting him with his letter, but failing to do so, he could not offer his letter at the trial for the purpose of impeaching his credit.

2nd. That where a witness gives evidence against the party calling him, who was mislead by the prior statements of the witness, the party is not bound by whatever the witness may say, but he is permitted to call other witnesses not to *impeach* him, but to contradict him as to a fact material to the issue, in order to show how the fact really is.

APPEAL from the Circuit Court for Howard County.

This was an action of assumpsit brought by the appellee in the Court of Common Pleas of Baltimore City, on the 31st of August, 1875, to recover from the appellant a sum of money alleged to have been received by him as proceeds of the sale of certain shares of stock of the Baltimore City Passenger Railway Company, to which proceeds the plaintiff claimed to be entitled. At the January

Term, 1876, of said Court, before the pleas were filed, an order was filed by the plaintiff's attorney, directing a commission to issue to Thomas J. Hunt of Philadelphia, to examine a witness out of the State, and with this order he filed interrogatories, notice of which was served on the defendant's attorney on the 10th of January, 1876. The commission issued on the 31st of January, 1876, and with the testimony taken thereunder, was returned to said Court and there filed on the 8th day of February, 1876. On the 10th of March, 1876, the cause, on the defendant's suggestion and affidavit, was removed to the Circuit Court for Anne Arundel County; and on the 24th of April following, on the suggestion and affidavit of the plaintiff, it was removed to the Circuit Court for Howard County for trial. At the September Term, 1876, of said Court, the defendant pleaded, and also made demand for a bill of particulars, which was furnished, and the case was continued by regular continuances until September Term, 1877, when it was tried.

*First Exception.*—At the trial of the cause, and before the jury was sworn, the defendant excepted to the execution and return of the commission issued as aforesaid because it had not issued to two commissioners, and for other defects in its issue and return, as not in compliance with the statute law of the State in such case provided; but the plaintiff insisted upon its regularity as in conformity with the following rule of the Court of Common Pleas:

27. "If the plaintiff or defendant in any cause, whether at issue or not, shall be desirous of obtaining a commission to examine any witness or witnesses who reside without the State, he shall first file in the Clerk's office a copy of the interrogatories which are to be proposed to the witness or witnesses, together with the name or names of a commissioner or commissioners; and shall serve the opposite party, or his attorney, with a copy of the interroga-

Sewell *vs.* Gardner.

tories, and the name or names of the commissioners, at least fifteen days before he applies to have it issued. And if the opposite party shall not, within fifteen days from the time of such service, file cross-interrogatories, together with the name or names of a commissioner or commissioners on his part, the commission shall issue *ex parte* to the commissioner or commissioners named. But if the opposing party shall, within said fifteen days, file the name or names of a commissioner or commissioners, then the commission shall be issued by the clerk to one of the commissioners named on each side; unless the parties shall agree upon other persons to act as commissioners, in which case the commission shall issue to the person or persons agreed on. The Court, in its discretion, for cause shown, may shorten the time limited for issuing a commission. Unless a commission shall be issued during the term at which the cause shall have been first entered on the trial docket, it shall be no ground of continuance, unless the Court, in its sound discretion, shall so order. Exceptions to the execution and return of a commission shall be made before the jury is sworn in the case, otherwise they shall be considered as waived."

The Court overruled the exception of the defendant, and to this ruling he excepted.

*Second Exception.*—At the trial of the cause, the plaintiff to maintain the issue on his part, offered in evidence the testimony taken under the aforesaid commission, but the defendant objected for the same reasons that he had objected to the execution and return of said commission; the plaintiff insisting that the testimony was taken under a commission regular and in conformity with the aforegoing rule of the Court of Common Pleas, and should be read. The Court overruled the objection, and allowed the testimony to be read to the jury. To this ruling the defendant excepted.

*Third Exception.*—Stated in the opinion of the Court.

The jury rendered a verdict in favor of the plaintiff, for $5642.40, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, ALVEY and ROBINSON, J.

*James Revell* and *Wm. Pinkney Whyte,* for the appellant.

*Henry E. Wootten* and *Alexander H. Hobbs,* for the appellee.

STEWART, J., delivered the opinion of the Court.

The first and second exceptions are taken to the admission of the commission, and evidence thereunder, introduced on the part of the plaintiff.

Art. 37, sec. 15, of the Code, requires the depositions of non-resident witnesses to be taken under a commission, in the same manner as if issued from a Court of equity, and secs. 141, 142 and 143 of Art. 16, of the Code, provide for such commission to be issued to two persons, unless by consent, when it may be issued to one—if issued to two, either one may execute the same. The 27th Rule of the Court of Common Pleas, cannot be construed to contravene these paramount provisions of the law.

At the January Term of the Court, the order of the plaintiff's attorney was given, for the issuing of a commission in this case, to take testimony, and naming Thos. J. Hunt as commissioner, and interrogatories were filed therewith.

Notice of this proceeding was admitted by defendant's attorney on the 10th January, 1876.

The defendant named no commissioner, and the commission issued upon the plaintiff's order, to the said commissioner, and was returned with the evidence taken thereunder, and filed in the Court of Common Pleas on

the 8th February, 1876. In March and April following, suggestions, affidavits and orders for the removal of the cause were filed ; the defendant filed amended pleas, and a demand for a bill of particulars. The cause was continued until September, 1877, when the trial took place.

The defendant having had ample opportunity to have named a commissioner, if he desired, or to have made objections to the commission being issued to one ; but not having done either and allowed the testimony taken thereunder to have remained on file without objection, during the long interval when the subsequent proceedings before referred to had occurred, we think it was then too late, to undertake to avail himself of the objection to the testimony, on account of there being but one commissioner.

On the contrary, he must be held to have waived such objection, and to be estopped from availing himself thereof; otherwise it would operate as a surprise upon the plaintiff, who had the right under the circumstances to consider the issuing of the commission to one person, acquiesced in by the defendant.

We think therefore the Circuit Court committed no error in the admission of the commission and evidence thereunder.

The defendant after having introduced the testimony of Jonathan Brock, his own witness, taken under the commission issued by consent at his instance, offered Brock's previous letter to the defendant, for the purpose of impeaching his credit ; to this the plaintiff objected, and the Circuit Court sustained the objection, and this constitutes the defendant's third exception.

When Brock was testifying under the commission as the defendant's witness, the opportunity was afforded the defendant, to have confronted him with his letter ; but failing to do so, he cannot offer his letter at the trial, for the purpose of impeaching his credit.

A witness may give evidence against the party calling him, where he was misled by his prior statement; thus

acting in good faith, but under misapprehension, he may show that the witness is mistaken as to facts testified to by him, and contradict his statement by his own or other testimony. He is not bound by whatever his witness may say, but is permitted to call other witnesses, not to impeach him, but to contradict him, as to a fact material to the issue, in order to show how the fact really is. *Franklin Bank vs. Steamship Co.*, 11 *G. & J.*, 35.

But here the defendant aware of the testimony taken under the commission and intending to repudiate it, offers the same, and then proposes to introduce the prior letter of the witness, for the purpose of impeaching him, and thus discard the testimony he had offered.

This cannot be done, and there was no error in the ruling in the third exception.

*Judgment affirmed.*

(Decided 8th March, 1878.)